## SHAFFER v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Third Circuit. December 23, 1912.)

No. 1,666.

MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where defendant replaced a saw, which had been used to cut grooves in blocks of wood intended for freight car roof brackets, with a dado-head, without installing a guarding device, required by Act Pa. May 2, 1905 (P. L. 352), and plaintiff, though experienced in working the saw, was inexperienced in using the new appliance, and was injured while doing so, without knowledge of a safety appliance that should have been used, plaintiff was not guilty of contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action at law by Henry Shaffer against the American Car & Foundry Company. Judgment for plaintiff (196 Fed. 513), and defendant brings error. Affirmed.

Fred Ikeler, of Bloomsburg, Pa., and G. A. Orth, for plaintiff in error.

Morgan S. Kaufman and C. B. Little, both of Scranton, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Henry Shaffer, the plaintiff, a citizen of Pennsylvania, recovered a verdict against

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the American Car & Foundry Company, a citizen of New Jersey, for personal injuries suffered by him while in its employ, through its alleged negligence. The defendant then moved for judgment notwithstanding the verdict. On denial of this motion and entry of judgment for plaintiff, defendant sued out this writ. The question here involved is whether there should have been binding instructions for defendant.

The proofs tended to show plaintiff worked at a saw table in defendant's car factory. His duty was to rabbet or saw grooves on the under edge of blocks of wood used for freight car roof brackets. To the top of Shaffer's table was attached a raised wooden hump, or "camelback," shaped like an obtuse, inverted V. Through the apex of this hump the teeth of a circular revolving saw protruded about an inch and a half, and as the blocks were correspondingly indented to seat themselves on the hump an even-depth groove was cut on the block edge from end to end. A few days before the accident this saw was replaced by a groove-cutting revolving device called a "dado-head," which consisted of four protruding blades or cutting gouges, equally spaced peripherally from each other. When dado-heads were used, there was some tendency of the blocks to kick away. The plaintiff, under directions of his foreman, helped install the new device, and worked upon the same in all for about two days, when a block held over the dado-head split and allowed his hand to drop thereon. While Shaffer was experienced with the saw, he had never worked on a dado-head. When the latter device was installed, there was at the rear side of the cutter from where he worked a raised strip, which served as a guide to keep the block in line while subjected to grooving. The blocks worked being of uniform width, the proofs tended to show that, instead of using this single low guide strip on one side, it was possible to attach guard strips of greater height, one on each side of the dado-head, thus affording a channel in which the block could be worked and which would guard the operator's hands. The proofs likewise tended to show that such guards were in ordinary use with dado-heads, that they could be readily affixed, and in fact were affixed after the accident. The Pennsylvania statute of May 2, 1905 (P. L. 352), provides that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, setscrews, grindstones, emery wheels, flywheels and machinery of every description shall be properly guarded," and the omission of the defendant to in any manner guard this dado-head, which is a species of saw, was charged as negligence.

The court below submitted to the jury the question "whether this machine was not properly guarded, or as it might have been guarded or protected under the circumstances," and instructed that, if it was so found, "then there is evidence before you of such negligence on the part of the defendant as would convict it of liability for the injury suffered, provided you find the plaintiff free from contributory negligence." On the subject of contributory negligence it further charged:

"Did the plaintiff do anything, fail or omit to do anything, or act contributory to his injury, which a careful, prudent man of ordinary intelligence would or not have done under the circumstances? Is he to blame in this matter? Could he himself have protected himself by the use of ordinary care and the exercise of ordinary reason? Did he know of the means to be em-

ployed by the use of this extra guard or protection that he now insists the defendant should have supplied? If so, and he failed to protect himself by using or affixing it to his machine, if within his power, he is guilty of contributory negligence, and cannot recover."

It will thus be seen that in effect the jury were instructed that, if they found the defendant neglected a mandatory statutory obligation of safeguarding a machine, nevertheless, if the plaintiff knew how it could be guarded, but worked on the machine for two days without doing it himself, he was guilty of contributory negligence. Whether this instruction did justice to plaintiff is a question not before us, for this case rests on a verdict which establishes in plaintiff's favor the facts of a possible safeguarding, of defendant's omission to so guard, and of the plaintiff's ignorance of such method. With sufficient evidence before it on those facts to warrant submission to the jury, the court below properly refused defendant's request to itself hold the plaintiff guilty of contributory negligence.

The judgment below is therefore affirmed.